**WO**                                                                                               JDN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jorge Escalante,                                     )   No. CV 05-1678-PHX-NVW (DKD)
                                                     )
            Plaintiff,                               )   **ORDER**
                                                     )
vs.                                                  )
                                                     )
Captain Peterson,                                    )
                                                     )
            Defendant.                               )
                                                     )
_____             )

        This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by an inmate confined in the Durango Jail in Phoenix, Arizona.  The Court will dismiss the action with leave to amend.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

        Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee of $7.33 will be assessed by this Order.  28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of Court.  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

JDDL-K

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely."  Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected.  Id. at 1130.  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.     Complaint.**

Plaintiff sues Captain Peterson, Maricopa County Jail Commander.  In Count I, Plaintiff alleges that inmates must occasionally eat meals on their bunks which causes food to spill on the sheets thereby attracting bugs.  In Count II, Plaintiff identifies other inmates

with medical needs that are not being met, and Plaintiff asserts that he fears for his health in case of a medical emergency.  And in Count III, Plaintiff contends that there have been several fights in the jail, including an alleged stabbing incident which occurred after officers were warned that an inmate was brandishing a pencil.  For relief, Plaintiff requests that a previous court decision be enforced and he be awarded monetary damages.

**D.    <u>Failure to State a Claim.</u>**

*1.  Improper Defendant*

Plaintiff names Captain Peterson as the sole Defendant.  To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff has not connected his claims to the Defendant.

In addition, Captain Peterson may not be liable individually simply because he supervises persons who may have violated Plaintiff's constitutional rights.  There is no *respondeat superior* liability under § 1983.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  There are no allegations to meet this standard.

If the evidence justifies it, Plaintiff may name persons in their individual capacities.  If he does so, he must write short, plain statements telling the court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that person's conduct.  <u>Rizzo</u>, 423 U.S. at 371-72, 377.  Plaintiff

1    must repeat this process for each person he names as a Defendant.  If Plaintiff fails to do this

2    for any person named as a Defendant, the court will dismiss that Defendant from this action.

3         *2. Standing*

4         In Count II, Plaintiff identifies other inmates with medical needs that may have gone

5    ignored, and Plaintiff asserts that he fears for his health in case of a medical emergency.

6    Plaintiff does not have standing to bring a claim on behalf of the other inmates.  To have

7    standing, a plaintiff must demonstrate "an invasion of a legally protected interest that is

8    concrete and particularized and actual or imminent."  Arizonans for Official English v.

9    Arizona, 520 U.S. 43, 64 (1997).  "[A] plaintiff must allege [1] *personal injury* [2] *fairly*

10   *traceable* to the defendant's allegedly unlawful conduct and [3] likely to be *redressed* by the

11   requested relief."  Idaho Conservation League v. Mumma, 956 F.2d 1508, 1513 (9th Cir.

12   1992) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original).  Plaintiff

13   has not alleged any personal injury, nor has he set forth allegations to show that Defendant

14   acted with deliberate indifference towards Plaintiff's medical needs.  Accordingly, Count II

15   will be dismissed without prejudice.

16        In Count III, Plaintiff states that detention officers ignored warnings of an inmate

17   brandishing a pencil and that inmate subsequently stabbed another inmate in the chest.  The

18   victim is identified by name and inmate number.  The name of the victim is Plaintiff himself,

19   albeit with his name misspelled.  Plaintiff further explains that he did not submit a request

20   for administrative relief on this claim because he cannot grieve an incident unless it involves

21   him.  It is unclear whether Plaintiff was the victim of the alleged stabbing incident.  As

22   described *supra*, in order to have standing Plaintiff must allege personal injury that is fairly

23   traceable to Defendant's alleged unlawful conduct.  See Idaho Conservation League, 956

24   F.2d at 1513.  At this juncture, Plaintiff's vague allegations fail to demonstrate that he has

25   standing to state a claim.

26        *3. Hart v. Hill*

27        Throughout his Complaint, Plaintiff refers to Hart v. Hill, No. CIV 77-0479-PHX-

28   EHC (MS) (D. Ariz.), claiming that the conditions of his confinement violate an Amended

1    Judgment in that action.  Jurisdiction to enforce the judgment is retained by the court which

2    entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action

3    is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980,

4    986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung,

5    920 F.2d 525, 534 (8th Cir. 1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir.

6    1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim

7    for damages because such orders do not create "rights, privileges, or immunities secured by

8    the Constitution and laws."  Green, 788 F.3d at 1123-24.  Remedial decrees are the means

9    by which unconstitutional conditions are corrected but they do not create or enlarge

10   constitutional rights.  Id. at 1123.  To the extent Plaintiff seeks to enforce Hart v. Hill, his

11   claim is not properly brought in this action.  Instead, his allegations must separately state a

12   violation of a constitutional right.

13   **E.     Leave to Amend.**

14         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

15   a claim upon which relief may be granted.  Plaintiff may amend his Complaint to cure the

16   deficiencies outlined above.  The Clerk of Court will be directed to provide Plaintiff with a

17   Court-approved form for filing a civil rights complaint.  Plaintiff is advised that the amended

18   complaint must be retyped or rewritten in its entirety on the court-approved form and may

19   not incorporate any part of the original Complaint by reference.  Any amended complaint

20   submitted by Plaintiff should be clearly designated as such on the face of the document.

21         Plaintiff is also reminded that in an Amended Complaint, he may only include one

22   claim per count.  The "one claim per count" rule is set forth in the form Complaint and

23   accompanying instructions, and is a requirement imposed by the local rules of this Court.

24   See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

25   form).

26         An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

27   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

28   1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

JDDL-K                                          - 5 -

1  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are
2  not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
3  1987).

4  **F.      Address Changes.**

5          In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
6  must file a notice of change of address if his address changes.  Plaintiff is again reminded
7  that at all times during the pendency of this action, Plaintiff shall immediately advise the
8  Court of any change of address and its effective date.  Such notice shall be captioned
9  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of
10 Change of Address on all opposing parties.  The notice shall contain only information
11 pertaining to the change of address and its effective date, and shall not include a motion for
12 other relief.  Failure to timely file a notice of change of address may result in the dismissal
13 of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil
14 Procedure.

15 **G.      Warning of Possible Dismissal.**

16         Plaintiff should take note that if he fails to timely comply with every provision of this
17 Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-
18 61(district court may dismiss action for failure to comply with any order of the Court).
19 Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
20 fails to file an amended complaint correcting the deficiencies identified in this Order, the
21 dismissal of this action will count as a "strike" under the "three strikes" provision of the
22 Prison Litigation Reform Act.  See 28 U.S.C. § 1915(g).

23 **IT IS THEREFORE ORDERED that:**

24         (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
25 U.S.C. § 1915(a)(1).

26         (2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
27 Plaintiff is assessed an initial partial filing fee of $7.33.  All fees shall be collected and paid

28

JDDL-K                                      - 6 -

1 in accordance with this Court's Order to the appropriate government agency filed
2 concurrently herewith.

3      (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**
4 **days** from the date this Order is filed to file an Amended Complaint in compliance with this
5 Order.

6      (4)  The Clerk of Court shall enter a judgment of dismissal of this action with
7 prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint
8 within thirty (30) days of the date this Order is filed.  Upon entry of judgment, the Clerk shall
9 make an entry on the docket in this matter indicating that the dismissal of this action falls
10 within the purview of 28 U.S.C. § 1915(g).

11      (5)  Aside from the two copies of the complaint or amended complaint that must be
12 submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy
13 of every pleading or other document filed shall accompany each original pleading or other
14 document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the
15 case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the
16 pleading or document being stricken without further notice to Plaintiff.

17      (6)  The Clerk of Court shall provide to Plaintiff a current court-approved form for
18 filing a civil rights complaint by a prisoner.

19      DATED this 25th day of October, 2005.

20

21

22      _____
23                     Neil V. Wake
                United States District Judge
24

25

26

27

28

JDDL-K                                    - 7 -